UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BLANCHARD, EXECUTIVE DIRECTOR OF THE TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No.: ) ) |
| SIGNATURE FLIGHT SUPPORT CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, brought on behalf of the Teamsters Union 25 Health Services and Insurance Plan ("Plan") for damages and injunctive relief arising from unpaid and delinquent contributions pursuant to an audit.

2. This court has jurisdiction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and venue lies in this district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff, Carol Blanchard, is the Executive Director of the Plan and is a "fiduciary" within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4. The Plan is an "employee welfare plan" or "welfare" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of ERISA § 3 (1) and (3), 29 U.S.C., § 1002(1) and (3). The Plan has its principal office at and is administered from 16 Sever Street, Sullivan Square, Charlestown, MA 02129.

5. Defendant Signature Flight Support Corporation ("Signature Flight") is a Delaware corporation with a principal place of business at 201 S. Orange Ave., Ste. 1100 Orlando, FL 32801.

6.     Defendant Signature Flight is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C § 142(1) and 29 U.S.C. §152(2), (6) and (7).

7.     Teamsters Local Union No. 25 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

8.     At all material times, Defendant Signature Flight was obligated by the terms of one or more Collective Bargaining Agreements ("CBA") between it and Teamsters Local Union No. 25 and by the terms of the Plan's Agreement and Declaration of Trust ("Trust Agreement") to which Defendant Signature Flight was bound, to make contributions on behalf of certain employees to the Plan.

9.     At all material times, Defendant Signature Flight was obligated to allow the Plaintiff to conduct an audit of Signature Flight's payroll and wage records pursuant to the Plan's Trust Agreement Paragraph 1(e) and Signature Flight's CBA with Teamsters Local Union No. 25.

10.    The purpose of the payroll audit is to ensure that the Defendant Signature Flight has accurately recorded and paid health benefit contributions in compliance with the terms of the aforementioned CBA, the Trust Agreement, and ERISA §515, 29 U.S.C. §1145.

11.    Specifically, the Plaintiff has requested a payroll audit seeking payroll records and information pertaining to all employees covered by its CBA's for the period January 1, 2013 through December 31, 2016 including but not limited to the following:

- Weekly payroll journals
- Individual earnings records (to include time cards) on all employees
- All Internal Revenue Service Forms W-2s and W-3 for January 1, 2013 to December 31, 2016
- All federal and state quarterly payroll reporting forms for January 1, 2013 to December 31, 2016

- All Internal Revenue Service Forms 1099s and 1096 for January 1, 2013 to December 31, 2016

12.     Defendant Signature Flight has refused to comply with Plaintiff's request for documents necessary to perform an audit.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant Signature Flight in accordance with Section 502 (g)(2) of ERISA, 29 U.S.C. §1132(g)(2) ordering that:

A. Defendant Signature Flight permit the Plaintiff to conduct a complete audit of the Defendant Signature Flight's payroll records for the time period of January 1, 2013 to December 31, 2016;

B. Defendant Signature Flight produce the records requested by the Plan Auditor in including but not limited to the records identified in Paragraph 9 of this Complaint;

C. Defendant Signature Flight pay all attorneys' fees and costs incurred by Plaintiff in connection with this action; and

D. Ordering such other and further relief as this court may deem just and proper.

Dated:  October 4, 2018                                             Respectfully submitted,

Catherine M. Campbell, Esq.
BBO #549397
Feinberg, Campbell & Zack, PC
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976
cmc@fczlaw.com


/s/ Catherine M. Campbell
Attorney for Plaintiff
Carol Blanchard

## **CERTIFICATE OF SERVICE**

      I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to United States Secretaries of Labor and Treasury.

Dated:  October 4, 2018                                         /s/ Catherine M. Campbell  
                                                                             Catherine M. Campbell